FILED'10 SEP 10 15:53 USDC-ORE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

      Plaintiff,

  v.        Case No. CR 05-60081-1-AA

WILLIAM IAN MAVER,

      Defendant.

## ORDER CONTINUING SUPERVISED RELEASE WITH MODIFICATION OF THE TERMS AND CONDITIONS OF SUPERVISED RELEASE

On October 27, 2005, the defendant appeared before this court, for sentencing following his plea of guilty to Bank Robbery. He was sentenced to fifty-seven (57) months custody followed by a three (3) year term of supervised release, upon the standard and special conditions. The term of supervised release commenced on July 8, 2010.

On August 18, 2010, this court issued a petition for warrant and order to show cause why the term of supervised release order previously granted should not be revoked based on the probation officer's allegation that defendant violated the conditions of release.

On September 10, 2010, the defendant appeared with counsel at a hearing to determine whether defendant's supervised release should not be revoked. The defendant admitted he had violated the conditions of supervised release by using controlled substances.

ORDER CONTINUING SUPERVISED RELEASE WITH MODIFICATION
OF THE TERMS OF CONDITIONS OF SUPERVISED RELEASE - PAGE 1

THE COURT FINDS that the defendant has violated conditions of C supervised release as set forth above, said violation constitutes a Grade C violation pursuant to Guideline § 7B1.1(a)(2). A Grade C violation coupled with the defendant's Criminal History Category of V, produces a suggested imprisonment range of 7 to 13 months (§ 7B1.4 Revocation Table).

IT APPEARS TO THE COURT that the defendant is amenable to supervision.

IT IS ORDERED AND ADJUDGED that the term of supervised release is continued with the following new conditions:

1. The defendant shall reside in and participate in the program of an inpatient drug treatment center, as directed by the probation officer for a period not to exceed 120 days.
2. The defendant shall reside in and participate in the program of a residential reentry center for no more than 60 days, to be released to an inpatient drug treatment program at the direction of his probation officer. The defendant shall remain in the custody of the U.S. Marshal's Service until a residential reentry bed becomes available. Also upon release from inpatient drug treatment, the defendant shall reside in and participate in the program of a residential reentry center for no more than 120 days, to be released at the direction of the probation officer.
3. The defendant shall sit in Reentry Court once a month at the direction of the probation officer.

All other conditions and terms of supervised release previously imposed shall remain in full force and effect.

Dated this __10__ day of September, 2010.

_____
**ANN AIKEN**
**United States District Judge**

ORDER CONTINUING SUPERVISED RELEASE WITH MODIFICATION
OF THE TERMS OF CONDITIONS OF SUPERVISED RELEASE - PAGE 2